LETTS, Judge,
dissenting.
I disagree. The defendant’s counsel appeared at the arraignment in Belle Glade, specifically pled his client not guilty to strong-arm robbery and asked that trial be set on the nonjury docket in Belle Glade.
Pursuant thereto, the case was set for nonjury trial in Belle Glade well within the speedy trial period. Subsequently, the defendant elected to have a later jury trial held in West Palm Beach. The trial judge found this election tantamount to a request for a continuance. So do I.
It is conceded that a waiver of jury trial must be in writing and that the defendant must be examined to determine the volun-tariness of the waiver. It is also conceded that the waiver here was not in writing and there was no such examination. So what? That merely establishes the defendant *802 could still have demanded a jury trial. I do not think it follows that his counsel’s procedural posture, accidental or deliberate, for the purpose of gaining time to look into the matter further, should be used to dismay the prosecution.
Moreover, we have before us a petition for a writ of prohibition. The woods are full of appeals seeking to reverse erroneous rulings by trial judges relative to speedy trial which we normally receive on plenary review. Here we avoid actual issuance of the writ and content ourselves with a mandate, but its effect looks like prohibition and smells like prohibition to me.